IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> *Petitioner*, <br><br> vs. <br><br> VALLE DEL SOL, INC., <br> 3807 N. 7th Street <br> Phoenix, AZ 85014, <br><br> *Respondent*. | Misc. No. : |

## JUDICIAL WATCH, INC.'S VERIFIED MOTION TO QUASH SUBPOENA *DUCES TECUM*

Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure, moves to quash a subpoena *duces tecum* that Respondent, a plaintiff in *Valle del Sol, et al. v. Whiting, et al.*, Case No. CV-10-1061-PJX-SRB (D. Arizona) ("*Valle del Sol*") attempted to serve on it on or about May 7, 2014. As grounds therefor, Judicial Watch states as follows:

## MEMORANDUM OF LAW

1. On May 7, 2014, Respondent attempted to serve a subpoena *duces tecum* on Judicial Watch, a not-for-profit organization that is incorporated under District of Columbia law and has its principle place of business in the District of Columbia. The subpoena, which was issued by the U.S. District Court for the District of Arizona, was taped to Judicial Watch's glass front door by Respondent's process server after the organization's offices had closed for the day. Copies of Respondent's purported subpoena and a photograph of the subpoena taped to Judicial Watch's front door are attached hereto as Exhibits A and B, respectively.

2. Respondent challenges on equal protection grounds Arizona's controversial "Support Our Law Enforcement and Safe Neighborhoods Act," enacted in 2010 and often referred to as "S.B. 1070." It seeks to prove that the 52 individual members of the Arizona State Legislature who voted in favor of S.B. 1070 and Arizona Governor Jan K. Brewer, who signed S.B. 1070 into law, did so with racist intent.

3. Judicial Watch played no role in the drafting or enactment of S.B. 1070. Nor did it play any role in the drafting or enactment of other Arizona laws that sought to address the impact of illegal immigration on Arizona. Judicial Watch served as counsel to the chief legislative sponsor of S.B. 1070, Arizona Senate President Russell Pearce, in defending the United States' legal challenge to S.B. 1070 and in defending legal challenges to other legislation sponsored by Senator Pearce. Judicial Watch continues to represent Senator Pearce. For a time, Judicial Watch also served as counsel to the Arizona State Legislature in defending against the United States' legal challenge to S.B. 1070. It no longer represents the legislature. Judicial Watch is not a party to the *Valle del Sol* litigation.

4. Under Rule 45 of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires delivering a copy to the named person." Fed.R.Civ.P. 45(b)(1). It is well-established in the District of Columbia that "delivery" means personal delivery of the subpoena to a named person. *Federal Trade Commission v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Dir. 1980); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp.2d 332, 361 (D.D.C. 2011) (service by fax and email insufficient); *U.S. v. Philip Morris Inc.*, 186 F.R.D. 128, 130 (D.D.C. 2004) (stating that "Fed.R.Civ.P(b)(1) requires personal service of deposition subpoenas" and quashing subpoena left in the party's mail room); *Alexander v. Federal Bureau of Investigation*,186 F.R.D. 128, 130 (D.D.C. 1998) (stating that it is "well settled that, under

2

Fed.R.Civ.P. 45(b), [the non-party's] deposition subpoena must have been personally served upon him").

5.  Respondent's "posting" of the purported subpoena on Judicial Watch's office door, after the organizations' offices had closed for the day, is not valid service. *Id.* Accordingly, service must be quashed.

6.  Respondent attempted service, which occurred on the last day for serving discovery in that litigation, followed service of a facially defective subpoena *duces tecum* on Judicial Watch on or about January 8, 2014. The January 8, 2014 subpoena was defective on its face because it purported to compel Judicial Watch to produce records in Atlanta, Georgia, a location well outside the 100 mile limit set forth in Rule 45(c)(2)(A). *Miller v. Holzmann*, 471 F. Supp.2d 119 (D. District of Columbia 2007) (denying motion to compel witnesses to appear and produce documents more than 100 miles from their homes or businesses). Judicial Watch has no office in Georgia and does not regularly transact business in person in Georgia. The January 8, 2014 subpoena was of no force or effect. A true copy of the January 8, 2014 subpoena is attached hereto as Exhibit C.

7.  Judicial Watch served timely objections to the January 8, 2014 subpoena on January 17, 2014. Included among these objections was a specific objection to being compelled to produce records in Atlanta, Georgia, the place where compliance was required.

8.  Despite the January 8, 2014 subpoena's obvious facial invalidity, Judicial Watch searched for and produced responsive records and a privilege log. Judicial Watch made three separate productions of responsive records on three separate occasions on January 31, 2014, February 7, 2014, and March 14, 2014. It identified over 800 pages of responsive records, produced a total of 282 records, and withheld the remainder under the attorney-client privilege

3

and/or attorney work product doctrine. Not surprisingly, many of Judicial Watch's records concerning S.B. 1070 and its representation of Senator Pearce and the Arizona Legislature are protected from disclosure by the attorney-client privilege and/or attorney work product.

9. Judicial Watch also engaged in extensive communication with Respondent's counsel over a 3-month period about the organization's search for and production of records responsive to the facially defective, January 8, 2014 subpoena. Judicial Watch's response to Respondent's subpoena was more than reasonable, especially given that the organization was under no obligation to respond to the subpoena because it was facially defective. Judicial Watch also repeatedly asserted its objection to the facially defective subpoena, and at no time did it waive that objection.

10. At some point, Respondent realized that Judicial Watch's objection to the facially defective, January 8, 2014 subpoena was well-founded because, on May 7, 2014, they attempted to serve a second, substantially similar subpoena on Judicial Watch. Of course, it could have sought to correct the January 8, 2014 subpoena at any time after Judicial Watch alerted them to the facial defect on January 17, 2014. Instead, it waited until the very last day for serving discovery to try to serve Judicial Watch. It has no one to blame but itself for failing to effectuate proper service of a valid subpoena on Judicial Watch.[1]

11. Judicial Watch reserves the right to assert additional objections to Respondent's most recent subpoena, including but not limited to all objections and privileges asserted in its multiple responses to the facially defective, January 8, 2014 subpoena, as well as an objection to

---

[1] Respondent also could have served Judicial Watch's registered agent for service of process in the District of Columbia instead of trying to serve Judicial Watch directly. They chose not to do so.

the additional, cumulative burden and expense of having to address both the facially defective January 8, 2014 subpoena and the improperly served May 7, 2014 subpoena.

WHEREFORE, Judicial Watch respectfully requests that the Court quash Respondent's improper service of the May 7, 2014 subpoena *duces tecum*.

Dated:   May 21, 2012

                                                    Respectfully submitted,

                                                   JUDICIAL WATCH, INC.

                                                   /s/ Paul J. Orfanedes
                                                 D.C. Bar No. 429716
                                                 425 Third Street, S.W., Suite 800
                                                 Washington, DC 20024
                                                 (202) 646-5172

                                                 *Attorney for Judicial Watch, Inc.*

## **VERIFICATION**

I verify under penalty of perjury of the laws of the United States that I am the Director of Litigation for Judicial Watch, Inc. and an officer and director of the corporation and that the facts in the foregoing motion to quash are true and correct. Executed on May 21, 2014 in Washington, D.C.

*[signature]*

## LOCAL CIVIL RULE 7(M) CERTIFICATION

I certify that I contacted counsel for Respondent on May 15, 2014 and again on May 20, 2014, in a good faith effort to resolve the dispute over service of the May 7, 2014 subpoena and avoid the filing of a motion to quash. Respondent asserted on both occasions that service was proper and refused to withdraw the subpoena. Respondent opposes the motion to quash.

*[signature]*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of May 2014, I served a copy of the foregoing JUDICIAL WATCH, INC.'S VERIFIED MOTION TO QUASH SUBPOENA *DUCES TECUM* by first class U.S. Mail, postage prepaid, and by electronic mail on the following:

> Justin Cox
> ACLU Foundation
> 233 Peachtree Street NE, Suite 2150
> Atlanta, GA  30303
> jcox@aclu.org

*[signature]*